# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MYCKEL ANTHONIE MCMILLAN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>NANA CORPORATION,<br><br>　　　　　Defendant, | Case No. 3:25-cv-00082-SLG |
| MYCKEL ANTHONIE MCMILLAN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DENALI CHEVERON,<br><br>　　　　　Defendant, | Case No. 3:25-cv-00083-SLG |
| MYCKEL ANTHONIE MCMILLAN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>KFC,<br><br>　　　　　Defendant, | Case No. 3:25-cv-00084-SLG |

### ORDER OF DISMISSAL UPON SCREENING

On April 24, 2025, self-represented litigant Myckel Anthonie McMillan ("Plaintiff") filed the three above-captioned civil actions. Plaintiff also filed a civil cover sheet, application to waive the filing fee, and a procedurally noncompliant motion in each case. Upon review, the three cases have similar deficiencies.

Therefore, the Court now screens the cases collectively pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

For the reasons discussed in this order, each of Plaintiff's Complaints fail to adequately state a claim for which relief may be granted. Therefore, Plaintiff's Complaint in each case is DISMISSED. The Court finds granting leave to amend in Case 82 would be futile, and therefore the dismissal in that case is without leave to amend. However, in Case Nos. 83 and 84, Plaintiff is accorded **60 days** to file an amended complaint in each case that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close one or both of those two cases.

Plaintiff is cautioned that if he elects to proceed with any of his state law claims in federal court, and a defendant ultimately prevails, Plaintiff may be required to pay a portion of the prevailing party's attorney's fees even though he is allowed to proceed in each case without paying the Court's filing fee.[1]

## SCREENING STANDARD

---

[1] Alaska Rule of Civil Procedure 82 (providing that the prevailing party in a civil case shall be awarded attorneys fees calculated as a percentage of the monetary judgment or reasonable fees in non-monetary cases); Local Civil Rule 54.2 (requiring a motion for attorney's fees to "set forth the authority for the award, whether a federal statute, Alaska Rule of Civil Procedure 82, a contractual provision, or other grounds[.]"). *See also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) ("A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees."); *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) ("[S]tate law on attorney's fees is substantive, so state law applies in diversity cases.").

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 2 of 19
Case 3:25-cv-00083-SLG    Document 6    Filed 08/18/25    Page 2 of 19

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[2] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[3]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[4] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[5] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters

---

[2] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[5] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 3 of 19
Case 3:25-cv-00083-SLG    Document 6    Filed 08/18/25    Page 3 of 19

of judicial notice.[6] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[7] While federal courts liberally grant self-represented litigants leave to file an amended complaint, when a complaint is frivolous or fails to state a claim, and further amendment would be futile, the Court must dismiss the case.[8]

## DISCUSSION

### I. Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction[,]"[9] and may not exercise jurisdiction absent a statutory basis.[10] A federal court has jurisdiction over actions involving a federal question[11] and actions between citizens of different states involving an amount in controversy greater than $75,000.[12] Unless a federal stature or constitutional right is implication, a federal court does not have

---

[6] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[8] *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (explaining dismissal is required where amendment would be futile); *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) (holding that a district court has discretion to dismiss a complaint as frivolous without leave to amend).

[9] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994).

[10] Article III, § 2, of the Constitution delineates "[t]he character of the controversies over which federal judicial authority may extend."

[11] 28 U.S.C. § 1331.

[12] 28 U.S.C. § 1332(a).

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 4 of 19
Case 3:25-cv-00083-SLG    Document 6    Filed 08/18/25    Page 4 of 19

jurisdiction over disputes between citizens of the same state, including disputes between a person and a business. A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[13] As discussed below, the Court is unable to establish a basis for its jurisdiction over Plaintiff's claims in any of these three cases.

### A. *McMillan v. NANA Corporation*, Case No. 3:25-cv-00082-SLG ("Case 82")

In Case 82, Plaintiff alleges that on or about February 10, 2025, he was shopping alone when he was stopped by an unnamed security "officer" of NANA.[14] Plaintiff claims the officer violated his right to be free from cruel and unusual punishment when he took Plaintiff's shopping cart and accused Plaintiff of stealing until Plaintiff provided a receipt for the items.[15] Plaintiff also claims the officer was "showing off" to store employees who were watching the altercation and

---

[13] The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). However, at the pleading stage, allegations of jurisdictional fact need not be proven unless challenged. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[B]ecause we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction *when it is challenged* has the burden of establishing it." (emphasis added) (internal citation and quotation marks omitted)).

[14] Case 82, Docket 1 at 3.

[15] Case 82, Docket 1 at 3.

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 5 of 19

Case 3:25-cv-00083-SLG   Document 6   Filed 08/18/25   Page 5 of 19

laughing.[16] For relief, Plaintiff requests $100,000 in damages and $6.66 million in punitive damages.[17]

In a motion filed in that case, also on April 24, 2025, Plaintiff provides another, somewhat different, summary of the alleged events.[18] In the motion, Plaintiff claims that a third-party officer working at Fred Meyer[19] stopped and embarrassed Plaintiff at his former workplace.[20] According to the motion, the officer took Plaintiff's groceries and kicked him out of the store because Plaintiff could not find his receipt.[21] Then, at some point later, Plaintiff claims the officer located Plaintiff's receipt and came outside of the store to return Plaintiff's purchased groceries. Then the officer allegedly pushed him, further injuring Plaintiff's previously torn medial collateral ligament (MCL). Plaintiff's motion also notes that Plaintiff does not believe the company would want to hire him at that Fred Meyer store.[22]

---

[16] Case 82, Docket 1 at 3.

[17] Case 82, Docket 1 at 6-7.

[18] Case 82, Docket 4.

[19] Fred Meyer, Inc. is a grocery store and subsidiary of The Kroger Co., a publicly traded company.

[20] Case 82, Docket 4 at 1.

[21] Case 82, Docket 4 at 2.

[22] Docket 4 at 2.

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 6 of 19

Case 3:25-cv-00083-SLG    Document 6    Filed 08/18/25    Page 6 of 19

### 1. The Eighth Amendment's Prohibition on Cruel and Unusual Punishment Does Not Apply

Although Plaintiff states he is bringing an Eighth Amendment claim of cruel and unusual punishment, the civil cover sheet and application to waive payment of the filing fee in Case 82 demonstrate his intent to bring an assault claim.[23] Further, the protections of the Eighth Amendment are "reserved for 'those convicted of crimes' ...."[24] and violations of constitutional rights may only be brought under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides a cause of action for individuals whose rights under the U.S. Constitution or federal laws have been violated by a person acting under color of state law.

Plaintiff was not a convicted prisoner in the custody of the state at the time of the alleged violation, and as such, the Eighth Amendment does not apply. Additionally, Plaintiff has not named a state actor as a defendant. Plaintiff names the NANA Corporation on the first page of the Case 82 Complaint, and he writes "NANA officer" in the "Defendants" section on the second page of the Complaint. NANA is a for-profit Alaska Native Corporation.[25] A corporation is not a "person"

---

[23] *See* Case 82, Docket 2 (civil cover sheet with checked box for "Assault, Libel, & Slander" in the "Torts" section under "Section IV. Nature of Suit") and Docket 3 at 1 ("Assault/Slander" handwritten in the blank after, "[t]he type of case I am filing is…" on the application to waive the filling fee).

[24] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

[25] NANA Regional Corporation, *About Us,* https://www.nana.com/about-us/.

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 7 of 19

Case 3:25-cv-00083-SLG   Document 6   Filed 08/18/25   Page 7 of 19

that can be sued under Section 1983, and a security guard, protection program officer, or other employee of the Fred Meyer retail chain—or one hired or contracted by a NANA subsidiary (such as NANA Management Services)—is not a state actor. Therefore, Plaintiff has failed to state a claim of a federal constitutional violation under Section 1983.

### 2. Plaintiff Raises No Employment-related Claim Against NANA

Although Plaintiff claims this altercation occurred at his former workplace and that he does not think he could be hired again by Fred Meyer, he makes no employment-related claim against NANA.

### 3. The Federal Court Lacks Jurisdiction over the Assault Claim

Civil assault, battery, and negligence claims do not arise under U.S. Constitution or a federal statute. Instead, they are tort claims grounded in state law and typically addressed in state court. A state law claim for assault or battery may only proceed in federal court if there is complete diversity between the plaintiff and each defendant or if the claim is supplemental to a cognizable federal claim.

#### i. Diversity Jurisdiction

For a federal court to exercise diversity jurisdiction, the citizens must be of different states and the amount in controversy must exceed $75,000.[26] "The party

---

[26] 28 U.S.C. § 1332(a).

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 8 of 19

Case 3:25-cv-00083-SLG   Document 6   Filed 08/18/25   Page 8 of 19

seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction."[27]

NANA's state of incorporation and principal place of business are both in Alaska, making it an Alaskan citizen for diversity jurisdiction purposes. Plaintiff is also a citizen of Alaska. The Court does not have diversity jurisdiction when the plaintiff is a citizen of the same state as the defendant. Further, although Plaintiff seeks millions of dollars in damages, Plaintiff's claims—that a store security officer briefly stopped him to determine whether the items in Plaintiff's possession had been and later returned the items and caused further damage to a previous injury—do not raise a plausible inference that the event has caused Plaintiff to suffer damages that exceed $75,000.[28] Even in liberally construing a complaint, a federal court must still have some allegations from which it "may infer a good faith basis for recovery of damages in such an amount."[29]

---

[27] *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

[28] *See GMAC Mortg., LLC v. Martinez*, No. CV 10–02882 MMM (PLAx), 2010 WL 1931268, at *4 (C.D. Cal. May 10, 2010) (holding that the amount-in-controversy requirement was not satisfied because there were "no facts or evidence corroborating this assertion"); *see also Chaudhuri*, 2016 WL 3212454 at *3 ("[Plaintiff's] bald assertion that the amount in controversy is 'approximately $1 million' is insufficient to establish that the amount in controversy actually exceeds the jurisdictional threshold"); *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1096 (S.D. Cal. 2006) ("Plaintiff provides these damage values without any comment as to how he is entitled to these damages, or what connection these extremely large damages amounts have with the alleged claims"); *see also Kumvachirapitag v. Gates*, No. 12–5075 JSC, 2012 WL 5835730, at *1 (N.D. Cal. Nov. 15, 2012) (dismissing for lack of subject-matter jurisdiction because "even if Plaintiff did seek the many 'septillions' of dollars listed in the Amended Complaint as damages, he failed to link these claims to any loss he has suffered due to an action by the Defendants").

[29] *Singman v. Amazon.com, Inc.,* Case No. CV 19-10882-AB (EX), 2020 WL 4873569, at *4

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 9 of 19
Case 3:25-cv-00083-SLG   Document 6   Filed 08/18/25   Page 9 of 19

### ii. No Supplemental Jurisdiction

A federal court may assert supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as the federal clams, but a plaintiff must first have a cognizable claim for relief under federal law.[30] Because Plaintiff has not stated a federal claim, the Court will not exercise supplemental jurisdiction over any state law claims raised in the Complaint.

For the foregoing reasons, the Complaint in Case 82 must be dismissed. The Court further finds that it would be futile to allow Plaintiff an opportunity to file an amended complaint as to this case in federal court.

### B. *McMillan v. Denali Chevron,* Case No. 3:25-cv-00083-SLG ("Case 83")

Plaintiff's Complaint in Case 83 alleges that on or about April 1, 2024, an unnamed manager at Denali Chevron assaulted him.[31] The Complaint alleges that Plaintiff had a job interview at the gas station a month or so prior to the assault and was told he was not "good enough for the job" and was not welcome at the store. The alleged assault occurred when Plaintiff returned to the gas station to buy a soda. In a motion filed on the same day as the Case 83 Complaint, Plaintiff claims the job interview when the general manager refused to hire him was on or around

---

(C.D. Cal. May 27, 2020) (quoting *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991)).

[30] 28 U.S.C. § 1367(a).

[31] Case 83, Docket 1 at 3.

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 10 of 19
Case 3:25-cv-00083-SLG    Document 6    Filed 08/18/25    Page 10 of 19

April 1, 2024.[32] In the motion he claims that later that summer, he went into the store to purchase an orange soda and the General Manager roughed him up, punched him in the face, and hopped on his back. Plaintiff also claims he was locked in the store and claims an officer "trespassed" him.[33] Plaintiff claims he also lost his passport during the altercation.[34] For relief, Plaintiff seeks $7.5 million in damages and $31.5 million in punitive damages.[35]

Similar to Case 82, Plaintiff's Complaint in Case 83 appears to be pursuing an assault claim against a business for its employees' conduct and potentially a civil false imprisonment tort claim. Although Plaintiff checked two boxes on the civil cover sheet indicating his intention to bring both an "Assault, Libel, & Slander" personal injury tort claim and an employment claim,[36] he wrote "physical assault" on the first page of the Case 83 Complaint.[37] Additionally, Plaintiff has not pleaded any facts to connect the alleged assault with his job interview or any past or current employment. Plaintiff alleges the manager told him that he "wasn't good enough"

---

[32] Case 83, Docket 4 at 1.

[33] Case 83, Docket 4 at 2.

[34] Case 83, Docket 4 at 2.

[35] Case 83, Docket 1 at 6-7.

[36] Case 83, Docket 2.

[37] Case 83, Docket 1 at 1.

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 11 of 19
Case 3:25-cv-00083-SLG   Document 6   Filed 08/18/25   Page 11 of 19

to be hired, but he does not allege that he was discriminated against or otherwise passed over based on his race, color, religion, sex, or national origin.[38]

Plaintiff acknowledges that Chevron is a private business,[39] so he cannot pursue a Section 1983 excessive force claim in violation of the Fourth Amendment against it, and he has not stated a viable employment claim.[40] Further, a plaintiff may not proceed with an employment discrimination claim under Title VII without first exhausting administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") and obtaining a right-to-sue letter.[41] Therefore, the Court does not have federal question jurisdiction over the claims in the Case 83 Complaint.

The Court is also unable to establish diversity jurisdiction over the claims in Case 83. Plaintiff fails to allege the state of citizenship of Denali Chevron. And even assuming that Denali Chevron would be responsible for the alleged assault by its employees, the described conduct and resulting injuries are insufficient to support a good-faith claim for damages exceeding the $75,000 threshold required

---

[38] *See* Ninth Circuit Manuel of Model Civil Jury Instructions, Chapter 10 ("Civil Rights—Title VII—Employment Discrimination; Harassment; Retaliation") and the cases cited therein.

[39] Docket 4 at 2.

[40] Although Plaintiff claims the police were called as a result of this incident, has not named a public law enforcement officer as a defendant or pleaded any facts to suggest he was unlawfully detained, arrested, or charged based on the alleged events. Case 83, Docket 4 at 2.

[41] See *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) ("The jurisdictional scope of a Title VII claimant's court action depends upon the scope of the EEOC charge and the EEOC investigation that can reasonably be expected to grow out of the charge.").

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 12 of 19

Case 3:25-cv-00083-SLG    Document 6    Filed 08/18/25    Page 12 of 19

for the Court to establish diversity jurisdiction. However, the Court accords Plaintiff leave to file an amended complaint in Case 83.

      **C.**     *McMillan v. KFC,* **Case No. 3:25-cv-00084-SLG ("Case 84")**

The Complaint in Case 84 alleges that on or about October 24, 2024, an unnamed Kentucky Fried Chicken ("KFC") manager violated Plaintiff's right to be free from cruel and unusual punishment.[42] Plaintiff claims that he came to work late, asked if he could eat something, he was given permission to eat some chicken, but then, his manager said the lobby was closed and started punching him. Plaintiff claims he was tackled and hit by three more unnamed employees who locked the doors so he could not get out. He claims they were pulling his hair and yelling gang related threats. Plaintiff alleges this incident could have cost him his life, and it did cost him his job.[43] For relief, Plaintiff seeks $10 million in damages and $90 million in punitive damages.[44] Plaintiff also filed a motion that requests "freedom from cruel and unusual punishment" and to proceed with this case in federal court, stating "Ban from EEOC with letter" and "Just to move forward in court / no Arbitration Agreement."[45]

---

[42] Case 84, Docket 1 at 3.

[43] Case 84, Docket 1 at 3.

[44] Case 84, Docket 1 at 6-7.

[45] Case 84, Docket 4 at 1.

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 13 of 19
Case 3:25-cv-00083-SLG   Document 6   Filed 08/18/25   Page 13 of 19

As explained above, Plaintiff cannot bring an Eighth Amendment cruel and unusual punishment claim against private actors for an alleged assault. To the extent Plaintiff is claiming wrongful termination or employment discrimination, he has not pleaded sufficient facts to support such a claim nor has he demonstrated that he has exhausted his administrative remedies with the EEOC and obtained a right-to-sue letter.[46] Similarly, if a plaintiff has entered into a valid arbitration agreement as a condition of employment, a court may not simply disregard that agreement based on the plaintiff's preference to litigate in federal court.[47] A plaintiff's personal disagreement with these procedural prerequisites does not create an exception to controlling law.

Similar to his complaint against Denali Chevron, Plaintiff has not established that the Court has diversity jurisdiction over his civil tort claims. Plaintiff has not plausibly alleged facts that demonstrate that KFC is not a citizen of Alaska; nor has he plausibly alleged an injury that exceeds the $75,000 threshold for federal court. And because the Court cannot establish original jurisdiction over any of Plaintiff's claims in Case 84, the Court will not exercise supplemental jurisdiction

---

[46] See *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) ("The jurisdictional scope of a Title VII claimant's court action depends upon the scope of the EEOC charge and the EEOC investigation that can reasonably be expected to grow out of the charge.").

[47] See *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 724 (9th Cir. 2000) (noting that federal policy strongly favors arbitration and that arbitration agreements must be enforced according to their terms); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (holding that courts must enforce arbitration agreements under the Federal Arbitration Act even where a party would prefer a judicial forum).

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 14 of 19
Case 3:25-cv-00083-SLG   Document 6   Filed 08/18/25   Page 14 of 19

in this case. However, the Court also accords Plaintiff leave to file an amended complaint in Case 84 to attempt to correct these deficiencies.

## II. In each case, Plaintiff's motion at Docket 4 is DENIED

In each case, Plaintiff filed a motion at Docket 4. None of these motions comply with the Federal Rules of Civil Procedure or the Local Civil Rules.[48] Plaintiff does not include a brief statement of the requested relief, or even clearly articulate a request for relief.[49] For nondispositive motions—motions that do not resolve the main claims or end the case— a plaintiff must include a proposed order that sets forth the precise relief he is seeking by that motion.[50] While the Court may act with leniency towards a self-represented litigant, Plaintiff is not excused from the rules that govern court proceedings.[51] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local

---

[48] *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought."); *see also* Alaska Local Civil Rule 7.1(a) (requiring all written motions and oppositions to include "a brief statement" of the requested relief and supporting authorities).

[49] *See* Fed. R. Civ. P. 7(b)(1) (("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought."); Alaska Local Civil Rule 7.1(a) (requiring all written motions and oppositions to include "a brief statement" of the requested relief and supporting authorities); Local Civil Rule 7.5 (requiring all filings to be double-spaced, 13-point font, and have margins of at least 1 inch around all text).

[50] *See* Local Civil Rule 7.1(b)(2).

[51] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 15 of 19
	Case 3:25-cv-00083-SLG   Document 6   Filed 08/18/25   Page 15 of 19

Civil Rules, and all Court orders.[52] For these reasons, the motion at Docket 4 in each case is DENIED.

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[53] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[54] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially

---

[52] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[53] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[54] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 16 of 19
Case 3:25-cv-00083-SLG    Document 6    Filed 08/18/25    Page 16 of 19

numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[55] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. The Complaint in Case No. 3:25-cv-00082-SLG is **DISMISSED** for failure to state a claim without leave to amend. The Clerk of Court is directed to enter a final judgment in this action. All pending motions are DENIED as moot.

2. The Complaints in Case No. 3:25-cv-00083 and Case No. 3:25-cv-00084-SLG are each **DISMISSED for failure to state a plausible claim**.

---

[55] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 17 of 19
Case 3:25-cv-00083-SLG    Document 6    Filed 08/18/25    Page 17 of 19

3. In Case No. 3:25-cv-00083 and Case No. 3:25-cv-00084, Plaintiff is accorded **60 days** from the date of this order to file either a:

　　a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

　　b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

4. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal in Case No. 3:25-cv-00083-SLG or Case No. 3:25-cv-00084-SLG, that case shall be dismissed without further notice to Plaintiff.

5. In Case No. 3:25-cv-00083-SLG and Case No. 3:25-cv-00084-SLG, Plaintiff's application to waive payment of the filing fee at **Docket 3 is GRANTED** and Plaintiff's motion at **Docket 4 is DENIED.**

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 18 of 19

Case 3:25-cv-00083-SLG　　Document 6　　Filed 08/18/25　　Page 18 of 19

and its effective date.[56] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

8. With this order, the Clerk is directed to send: (1) two copies of form PS15, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) three copies of form PS09, Notice of Voluntary Dismissal; and (3) one copy of form PS23, Notice of Change of Address.

DATED this 18th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[56] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00082-SLG, *McMillan v. NANA Corporation*
Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Screening Order
Page 19 of 19
Case 3:25-cv-00083-SLG    Document 6    Filed 08/18/25    Page 19 of 19