| | |
|---|---|
| MYCKEL ANTHONIE MCMILLAN,<br><br>    Plaintiff,<br><br>  v.<br><br>DENALI CHEVERON,<br><br>    Defendant, | Case No. 3:25-cv-00083-SLG |
| MYCKEL ANTHONIE MCMILLAN,<br><br>    Plaintiff,<br><br>  v.<br><br>KFC,<br><br>    Defendant, | Case No. 3:25-cv-00084-SLG |

## ORDER OF DISMISSAL

On August 18, 2025, the Court screened the Complaints in three cases filed by self-represented litigant Myckel Anthonie McMillan ("Plaintiff").[1] The Court dismissed Case No. 3:25-cv-00082-SLG without leave to amend, but the Court accorded Plaintiff 60 days to file a First Amended Complaint or Notice of Voluntary Dismissal in each of the two above-captioned civil actions. The Court warned Plaintiff that failure to file either document with the Court within 60 days of the Court's Screening Order would result in dismissal of that case without further

---

[1] *McMillan v. NANA Corporation,* Case No. 3:25-cv-00082-SLG, Docket 6; *McMillan v. Denali Cheveron,* 3:25-cv-00083-SLG, Docket 6; *McMillan v. KFC*, 3:25-cv-00084-SLG, Docket 6.

notice to Plaintiff.[2] To date, Plaintiff has not responded or otherwise contacted the Court in either case.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[3]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.[4] Plaintiff's failure to respond within the specified timeline suggests Plaintiff does not intend to litigate either of these two actions diligently.[5] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[6] Because Plaintiff has not offered any justifiable

---

[2] Docket 6 at 18.

[3] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[4] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden to move toward disposition at a reasonable pace and to refrain from dilatory and evasive tactics).

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Order of Dismissal
Page 2 of 4
Case 3:25-cv-00083-SLG     Document 7     Filed 11/17/25     Page 2 of 4

reason for failing to meet the Court's deadline, the third factor also favors dismissal.[7] The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[8]

"At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits."[9] The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[10] The Court's Screening Order accorded Plaintiff an opportunity to file an amended complaint and warned him of the potential dismissal of each of these actions in the event of noncompliance.[11]

Based on the foregoing, each of these cases must be dismissed for failure to prosecute. The dismissal shall be without prejudice so as to preserve Plaintiff's

---

[7] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[8] *Pagtalunan*, 291 F.3d at 643.

[9] *In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006).

[10] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

[11] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).

Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Order of Dismissal
Page 3 of 4
Case 3:25-cv-00083-SLG     Document 7     Filed 11/17/25     Page 3 of 4

ability to seek relief.[12] The Court finds no other lesser sanction to be satisfactory or effective in each of these two cases.[13]

**IT IS THEREFORE ORDERED:**

1. The two above-captioned cases are each **DISMISSED without prejudice**.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment and close each case.

DATED this 17th day of November 2025.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[12] *Id.*

[13] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

Case No. 3:25-cv-00083-SLG, *McMillan v. Denali Chevron*
Case No. 3:25-cv-00084-SLG, *McMillan v. KFC*
Order of Dismissal
Page 4 of 4

Case 3:25-cv-00083-SLG   Document 7   Filed 11/17/25   Page 4 of 4